ANDRÉS QUINTANA REYES, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE PONCE, recurrido.

No. 633.—*Sometido:* Abril 13, 1926.  *Resuelto:* Febrero 3, 1927.

1. RÉCORDS—SU CANCELACIÓN—INSCRIPCIONES EN EL REGISTRO DE LA PROPIEDAD—DERECHOS INSCRITOS O ANOTADOS CON POSTERIORIDAD A UNA ANOTACIÓN DE EMBARGO—DENEGATORIA DE CANCELACIÓN.—Ordenada cancelación de un traspaso hecho durante la anotación de un embargo, aún cuando la resolución judicial ordenando .tal cancelación se presente al registro surtiendo aún sus efectos un derecho anotado con posterioridad a dicho traspaso, no es motivo para denegar la cancelación ordenada.

2. RÉCORDS—SU CANCELACIÓN—INSCRIPCIONES EN EL REGISTRO DE LA PROPIEDAD—DERECHOS INSCRITOS O ANOTADOS CON POSTERIORIDAD A UNA ANOTACIÓN DE EMBARGO—EFECTO DE LA CANCELACIÓN ORDENADA.—Quedando un traspaso hecho durante la anotación de un embargo sujeto a los efectos de dicha anotación y obtenida la cancelación de dicho traspaso en virtud del procedimiento que establece el·artículo 71 de la Ley Hipotecaria ello *ipso jure* lleva consigo la cancelación del derecho anotado o inscrito con posterioridad a dicho traspaso.

NOTA de *Miguel Planellas*, R., (Ponce), denegando cancelación de inscripción de traspaso hecho con posterioridad a una anotación de embargo.  *Revocada*, ordenándose la cancelación.

*El Recurrente* compareció por escrito; *El Registrador* compareció por escrito también.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

En una acción en cobro de dinero establecida por Andrés Quintana Reyes contra Buenaventura Fuster, se embargó, anotándose en el registro, la participación de un treinta por ciento que el demandado tenía sobre cierta finca rústica.

La corte dictó sentencia a favor del demandante, ella se ejecutó y en el acto de la subasta se adjudicó dicha participación al acreedor.

Posterior al embargo el demandado vendió el condominio embargado a Emilia Mollá, inscribiéndose este traspaso en el registro. Entonces el demandante, haciendo uso del artículo 71 de la Ley Hipotecaria, acudió a la corte y obtuvo la cancelación de tal inscripción. Mas luego al presentarse el mandamiento de la corte al registro, el registrador denegó la cancelación, expresando en la nota lo siguiente:

"Denegada la cancelación de este documento por aparecer del Registro anotado por 120 días a favor de Don Lucas Marrero un derecho de arrendamiento desde el día primero del corriente año, al folio 156 vto. del tomo 10 de Villalba, finca 32 duplicado, anotación D, y no resultar de este mandamiento de cancelación que haya sido notificado dicho arrendatario a los efectos del apartado 3 del art. 71 de la Ley Hipotecaria, tomándose anotación por 120 días de acuerdo con la ley, al folio 158 vto. del tomo 10 de Villalba, finca número 32 duplicado, anotación letra E. Ponce, P. R., 4 de febrero de 1926."

[1, 2] En su alegato el registrador sostiene en síntesis el derecho primario de Marrero por haberse presentado la escritura de arrendamiento con anterioridad al mandamiento ordenando la cancelación de la inscripción de dominio a nombre de Emilia Mollá y porque sus funciones no le permiten cancelar una inscripción por manifestaciones de una sola parte en otro contrato que contradice el primero.

La autoridad de Galindo y Escosura a que alude el registrador no es para tenerse en cuenta porque el comentario de esos tratadistas se refiere al artículo 71 de la Ley Hipotecaria española que empezó a regir en las Antillas en mayo 1, 1880, y que más tarde fué modificado en la Ley Hipotecaria que se promulgó para Puerto Rico en julio 14, 1893, y la cita que hace de Morell más bien le es adversa, porque precisamente trata de la modificación que se hizo en la ley de Ultramar ampliando el artículo 71 y terminando de este modo la discusión en cuanto a la necesidad en que se encontraba un acreedor obligándosele a ir al juicio ordi-

nario para concelar el traspaso que durante la anotación del embargo hiciera el deudor a terceras personas.

Así, pues, aunque la resolución de la corte inferior ordenando la cancelación se presentó al registro dentro de los 120 días que duraban los efectos de la anotación a favor de Marrero, ello no podía tener consecuencias legales en cuanto a Quintana porque Marrero no tenía más derechos que los que se derivasen del título de Mollá, o sea, de su compra a "Fuster," quedando sujeto dicho traspaso a los efectos de la primitiva anotación de embargo que se había hecho en el pleito seguido contra Fuster por el recurrente.  De manera que habiendo obtenido el último la cancelación de aquel traspaso, en virtud del procedimiento que establece el artículo 71 de la Ley Hipotecaria, ello *ipso jure* llevaba consigo la cancelación de la anotación a favor de Marrero, quien por el registro tenía conocimiento implícito (*constructive notice*) de los derechos de Quintana.  Y el efecto de tal conocimiento legal parece evidente porque sería injusto que una vez que Quintana obtuvo la cancelación del traspaso del dominio que hizo el deudor a Mollá, después de haber el primero anotado su embargo, que se obligara al acreedor a empezar de nuevo cada vez que las terceras personas a quienes el deudor había hecho la enajenación, constituyeran a su vez un gravamen sobre el inmueble o hicieran un nuevo traspaso del mismo.  Esto no tendría solución de continuidad o crearía una situación indefinida, lo cual queda evitado mediante las disposiciones del artículo 71.

*Por todo lo cual, debe revocarse la nota del registrador y ordenarse la cancelación.*

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. WOLF.

Las razones adicionales que tengo para que se revoque la nota recurrida, son las siguientes:

Un arrendamiento que no cumple con las disposiciones de la Ley Hipotecaria no cae en absoluto dentro de las disposiciones de la misma.  Si los otorgantes hacen un arren-

damiento por menos de seis años, como en el presente caso, y no convienen en su inscripción, dicha escritura no tiene carácter inscribible.   No es meramente un documento defec-tuoso.   Suponiendo, por ejemplo, que el arrendador nunca intentó convenir en la inscripción, ¿puede la mera voluntad del arrendatario presentando una escritura no inscribible frustrar los derechos de otras personas?   Una anotación preventiva de un arrendamiento que no cumple con la Ley Hipotecaria no puede dar a una parte ningún derecho *in pais* que de lo contrario no hubiese tenido.   Si una parte desea un derecho inscribible independientemente de un de-recho *in pais,* tal derecho inscribible no puede surgir antes de hacerse inscribible la escritura.   El efecto de una ano-tación preventiva en un caso como éste a lo sumo podría únicamente advertir a terceros del supuesto derecho del arrendatario.   No siendo un arrendamiento inscribible, la anotación preventiva no era efectiva para impedir la cance-lación.   Las disposiciones de la Ley Hipotecaria con res-pecto a qué arrendamientos pueden inscribirse son imperati-vas y terceros no son afectados *in pais* por la casualidad de aparecer una anotación preventiva en el registro.

Es cierto que los otorgantes en el arrendamiento poste-riormente presentaron una escritura, o la escritura, en que convenían en la inscripción.   Sin embargo, dicho arrenda-miento solamente tenía carácter inscribible en cuanto a ter-cero desde el momento de su presentación en el registro. La anotación preventiva no podía servir parà darle efecto con una fecha anterior a su presentación.   Si antes la cues-tión era dudosa, la presentación material al registro debió haber disipado las dudas.   Se trata, pues, de una escritura de arrendamiento inscribible presentada cierto día cuando con anterioridad a dicho día el registrador tenía en su po-der una orden de cancelación.

El registrador dice que se debió notificar a Marrero de la cancelación.   El apelante alega con algún fundamento que

él no podía adivinar la existencia del arrendamiento. Y si algunos derechos surgieron a favor del arrendatario después de tomarse anotación preventiva, ya era demasiado tarde. Sin embargo, la anotación preventiva no tenía mayor efecto que si Marrero hubiese escrito a Quintana diciéndole que Emilia Mollá le había cedido la finca en arrendamiento por menos de seis años.